UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RUTH MARTINEZ,

                Plaintiff,

      -against-

CREDIT BUREAU COLLECTION SERVICES, INC.

                Defendant.
-----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUL 14 2008 ★
LONG ISLAND OFFICE

***CLASS ACTION COMPLAINT***

CV-08 2795
VITALIANO, J.
GO, M.

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant, Credit Bureau Collection Services, Inc., alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### PARTIES

2. Plaintiff is a natural person residing in Queens County, New York.

3. Upon information and belief, defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Columbus, Ohio.

### JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.



## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE CLASS

5.  Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6.  That a personal debt was allegedly incurred by the plaintiff to Verizon Wireless.

7.  That at a time unknown to the plaintiff herein, the aforementioned debt was referred and or assigned to the defendant for collection.

8.  The defendant sent a collection letter to the plaintiff dated May 28, 2008. A copy is attached hereto and made part hereof.

9.  Plaintiff received said letter.

10. That on or about June 27, 2008 within the 30 day dispute period as prescribed by law, the plaintiff sent an informal dispute and refusal to pay letter to the defendant, Credit Bureau Collection Services, Inc., via first class mail stating that she does not understand why she received this letter and that it was her understanding that the matter was resolved with Verizon one year ago.

11. That plaintiff attached letter dated May 28, 2008 to the dispute letter.

12. That despite, plaintiff's dispute and refusal to pay, defendant failed to provide any verification of the debt or forward the debt to an appropriate legal body or take any other appropriate action as per the FDCPA.

13. That despite, plaintiff's dispute and refusal to pay, defendant continued collection activity without providing the consumer with any validation of the alleged debt or acknowledgment of the dispute as required by law.

14. The defendant sent a collection letter to the plaintiff dated June 30, 2008. A copy is attached hereto and made part hereof.

15. That the letter dated May 28, 2008 arbitrarily inflates the amount of the alleged principal debt of **$283.04** by **$50.94** to a total amount of **$333.98**.

16. That the letter dated June 30, 2008 additionally inflates the debt with arbitrary and capricious and unspecified interest rate to an amount of **$617.02** in order to unlawfully inflate the debt in order to compel payment under duress and unjustly enrich the defendant at the consumer's expense.

17. Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (e), (g) and (f) in that the representations made by the defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

18. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less than $1,000.00 per violation, plus costs and attorney's fees.

## CLASS ALLEGATIONS

19. The first cause of action is brought on behalf of plaintiff and the members of a class.

20. The class consists of consumers who received the same form letter, as did the plaintiff.

21. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about May 28, 2008 and June 30, 2008 (b) the collection letter was sent to a consumers seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692f for contradicting and confusing the consumer as to his/her rights ie., reflecting inflated fees

and 1692g for continued collection activity without providing the consumer with any validation of the alleged debt or acknowledgment of the dispute.

22. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed and computer generated form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

23. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated

individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

24. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

25. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

26. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:(g), (e), (d) and (f)

    (a) Defendant violated 15 U.S.C. § 1692f by employing unfair tactics in attempt to collect a debt;

    (b) Defendant violated 15 U.S.C. § 1692e by using false representations and deceptive means in an attempt to collect a debt;

    (c) Defendant violated 15 U.S.C. § 1692g by contradicting plaintiff's rights

    (d) Defendant violated 15 U.S.C. § 1692d by harassing the consumer

**WHEREFORE**, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action.

(b) Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action.

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

Dated: New York, New York
July 9th, 2008

Amir J. Goldstein, Esq. (AG-2888)
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 11012
(212) 966- 5253 phone
(212) 941- 8566 fax

Plaintiff requests trial by jury on all issues so triable

Amir J. Goldstein (AG-2888)

PO BOX 69
COLUMBUS OH 43216



#BWNDVGT *********AUTO**3-DIGIT 110
#0306189154141# 2 0000541
RUTH MARTINEZ
5324 193RD ST
FRESH MEADOWS NY 11365-1237

May 28, 2008

Principal Balance $283.04
Collection Fee $50.94
Total Due $333.98

Our Client: VERIZON WIRELESS         Our Client Account #: 00700962583596000001

Your past due account has been placed with this office for payment.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor. This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.

Account Representative
1-868-413-0093

---

**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

[RETURN THIS PORTION WITH YOUR PAYMENT]

Make Payment To:

RUTH MARTINEZ                                  2
Account #: 03-61891541
Balance: $333.98
VERIZON WIRELESS

| IF PAYING BY VISA OR MASTERCARD, FILL OUT BELOW |||
|---|---|---|
| ☐ VISA  ☐ MASTERCARD |||
| CARD NUMBER | EXP. DATE | AMOUNT |
| SIGNATURE | PHONE # (with area code) ||

CBCS
PO BOX 163250
COLUMBUS OH 43216-3250

0306189154100033398

June 27, 2008

CBCS
PO Box 69
Columbus, Ohio 43216

Re: Acct # 0070088258359800001
Verizon Wieless

I do NOT understand why I received this letter from you as it was my understanding that this matter was resolved with Verizon ONE YEAR AGO.

Ruth Martinez
53-24 193 Street
Fresh Meadows, NY 11365

Copy of your letter attached

---

**U.S. POSTAL SERVICE — CERTIFICATE OF MAILING**
MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT PROVIDE FOR INSURANCE—POSTMASTER

Received From:
R. Martinez 5324 193 St
Fresh Meadows NY
11365

One piece of ordinary mail addressed to:
CBCS
PO Box 163XJU
Columbus OH
43216-3250

Affix fee here in stamps or meter postage and post mark. Inquire of Postmaster for current fee.

PS Form 3817, Mar. 1989



**CBCS**

PO BOX 69
COLUMBUS OH 43216

#BWNDVGT ******AUTO**MIXED AADC 430
#0306189154414# 35 0002289
RUTH MARTINEZ
5324 193RD ST
FRESH MEADOWS NY 11365-1237

June 30, 2008

***SETTLEMENT OFFER***

Client Name: VERIZON WIRELESS
Account #: 03-61891541

Current Balance: $617.02
Settlement Offer: $370.21

We have been authorized to offer you a settlement on this account if you agree to pay 60% of the current balance as indicated above. To take advantage of this offer, please send payment to our office on or before JUL 30 2008. In the event you are unable to make the payment within the time frame suggested in this letter, please call our office.

This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.

Account Representative
1-866-902-3451

...NT INFORMATION